UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JON DOSS, | ) | CIV. 08-4026-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION FOR |
| DEPARTMENT OF CORRECTIONS; | ) | SUMMARY JUDGMENT |
| DR. MARK STEIL; and | ) | |
| WARDEN BOB DOOLEY, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants move for summary judgment. See Docket 19-22, 24, 25. Plaintiff has not responded to defendants' motion for summary judgment. For the reasons stated below, the court grants defendants' motion for summary judgment.

Federal Rule of Civil Procedure 56 discusses motions for summary judgment and provides that a party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." See also Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). Regarding the time frame for such a response, the Local Rules of Practice state:

> On or before 20 days after service of a motion and brief, unless otherwise specifically ordered by the Court, all opposing parties shall serve and file with the Clerk briefs containing the specific

>points or propositions of law with authorities in support thereof in opposition to that motion.

D.S.D. CIV. LR 7.2(A). Further, parties opposing a motion for summary judgment must respond specifically to the moving party's statement of material facts. D.S.D. CIV. LR 56.1(B).

A plaintiff's pro se status does not " 'entitle him to disregard the Federal Rules of Civil Procedure,' even without affirmative notice of the application of the rules to his case." Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (stating that courts in the Eighth Circuit need not notify a pro se litigant of the date by which he must respond to a motion for summary judgment). Further, "[e]ven pro se litigants must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005).

Defendants' motion for summary judgment was filed on June 20, 2008. After plaintiff failed to respond to defendants' motion for summary judgment within the twenty days provided by Local Rule 7.2(A), defendants filed a reply brief on July 28, 2008, pointing out plaintiff's failure to respond and urging the court to grant their motion. To date, plaintiff has not filed anything with this court since filing his complaint and IFP motion on February 25, 2008. Despite the dispositive motion in front of the court, plaintiff has not requested an extension of time to file his opposition or given this court any indication that he otherwise intends to meet the burdens of defending against a summary judgment motion.

Because plaintiff has failed to establish that there is a genuine dispute of material fact, the court next considers whether defendants are entitled to a judgment as a matter of law.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  Plaintiff seeks both money damages for his emotional suffering and stress and injunctive relief in the form of a medical examination by a medical professional and appropriate medication for his illnesses.  Docket 1, page 3.

As one of its grounds for summary judgment, defendants assert that the Department of Corrections is protected from suit by the Eleventh Amendment.  Docket 21, page 7.  The Supreme Court has clarified that Congress, in passing 42 U.S.C. § 1983, did not intend to abrogate states' Eleventh Amendment immunity from suit in federal court.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 65, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (citing Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979)); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) (stating that "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court' ").  Thus, plaintiff's claims against the Department of Corrections, a state entity, are barred by the Eleventh Amendment.

Regarding the claims for damages against Dr. Mark Steil and Warden Bob Dooley, plaintiff's complaint does not specify whether the suit is against them in their individual or official capacities.  In such a situation, it is proper

3

for the court to "interpret the complaint as bringing only official-capacity claims." Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995). Official capacity claims are construed as claims against the governmental entity itself. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). For suits where damages are the desired relief, suits against individuals in their official capacity are similarly barred by the Eleventh Amendment. Id.; Nix v. Norman, 879 F.2d 429, 432 (1989). Thus, summary judgment in favor of Steil and Dooley in their official capacities is warranted with regard to plaintiff's claims for monetary damages for his "stress and emotional damages."

In this case, Doss also seeks equitable relief in his complaint, asking for any medical examination "by proffessional [sic] doctors" and to be "put on medication that suits my diagnosis." Docket 1, page 3. Such suits against individuals for equitable relief *are* available under § 1983, as "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " Will, 491 U.S. at 71 n.10 (citing Graham, 473 U.S. at 167 n.14). However, such suits require that a plaintiff establish that a policy or custom of the governmental entity played a part in the violation of federal law. Graham, 473 U.S. at 166 (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Doss's complaint did not allege the existence of any

unconstitutional DOC policy or custom which led to the alleged civil rights violations, and Doss has failed to counter defendants' factual assertions that the DOC and Steil properly evaluated and treated him.  Thus, summary judgment for defendants regarding plaintiff's claims for equitable relief is warranted.  See Bennett, 295 F.3d at 808-09 (stating that the court was not required "to search the record for genuine issues of fact, when Bennett failed to bring such issues to the attention of the court in a timely-filed response to the motion for summary judgment").

This court has reviewed defendants' motion for summary judgment and accompanying documents and concludes that summary judgment for defendants is appropriate.  Plaintiff has failed to meet his burden of demonstrating there is a genuine issue for trial, as required by Federal Rule 56, and the court concludes that defendants are entitled to judgment as a matter of law.  Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment (Docket 19) is granted.

Dated September 17, 2008.

                      BY THE COURT:

                      /s/ *Karen E. Schreier*
                      KAREN E. SCHREIER
                      CHIEF JUDGE